# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| VIRGINIA KLUXEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:10CV501–HEH |
| | ) |
| PNC MORTGAGE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
### (Motion to Remand)

This matter is before the Court on Plaintiff's Motion to Remand this case back to state court. Defendant removed the present case from the Circuit Court of Spotsylvania County on July 21, 2010. On August 3, 2010, Plaintiff filed this Motion to Remand, contending that the absence of a federal question deprives this Court of subject matter jurisdiction. The parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, Defendant has not carried its burden of establishing federal subject matter jurisdiction and Plaintiff's Motion is therefore granted. This case will be remanded to the Circuit Court of Spotsylvania County for all further proceedings.

# I. BACKGROUND

On or about July 30, 2002, Virginia Kluxen ("Plaintiff"), entered into a mortgage loan agreement with National City Mortgage Company, evidenced by a Note and secured by a Deed of Trust. PNC Mortgage ("Defendant") is a successor in interest to National City Mortgage Company. The mortgage loan was a Federal Housing Administration ("FHA") loan governed by U.S. Department of Housing and Urban Development ("HUD") regulations. Defendant is the current holder of the Note.

Under the terms of the Deed of Trust, the holder of the Note cannot foreclose on the home secured by the Deed of Trust unless permitted to do so by FHA regulations. One of the FHA regulations incorporated into the terms of the Deed of Trust is 24 C.F.R. § 203.604, which provides, in relevant part, that:

> The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced . . . .

24 C.F.R. § 203.604 (2010).

Plaintiff fell into arrears on the Note and Defendant appointed Samuel I. White, P.C. ("White") as substitute trustee on the Deed of Trust. Defendant then instructed White to foreclose on Plaintiff's home. White scheduled and advertised a foreclosure sale of the home for June 15, 2010. Neither Defendant, White, nor any other creditor has held

a face-to-face meeting with Plaintiff before commencing foreclosure proceedings. The foreclosure sale initially scheduled for June 15, 2010 was canceled and has not been rescheduled to date.

On July 13, 2010, Plaintiff filed a one count Complaint in the Circuit Court for Spotsylvania County seeking a declaratory judgment that Defendant did not comply with the terms of 24 C.F.R. § 203.604 prior to the commencement of foreclosure proceedings and thus is not entitled to proceed with the foreclosure of her home.

## II. ANALYSIS

The party seeking removal bears the initial burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Moreover, there is no presumption favoring the existence of federal subject matter jurisdiction, since federal courts are courts of limited—not general—jurisdiction. *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). Because removal of a case from state court implicates "significant federalism concerns," this Court's removal jurisdiction must be strictly construed. *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868 (1941)). Accordingly, the Fourth Circuit requires remand of a case to state court if federal jurisdiction is at all "doubtful". *Id.*

3

Despite these limitations, a defendant may remove a civil action initially filed in state court to a United States district court if "the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1441(a)). This is the basis of federal subject matter jurisdiction cited by Defendant in its Notice of Removal.[1] Plaintiff maintains, however, that the underlying dispute turns solely on issues of state law.

According to Plaintiff, the claim asserted in this case involves enforcement of the provisions of the Deed of Trust, which is governed by state law contract principles. *See* Pl.'s Mem. Supp. Mot. Remand 1, 2. Furthermore, Plaintiff argues that although the Deed of Trust incorporated certain federal regulations, including 24 C.F.R. § 203.604, her complaint "made clear that it was filed on the basis of a claim asserted by her under state and not federal law." *Id.* at 2. Indeed, in Paragraph 17 of her Complaint Plaintiff specifically states that she "does not have a private right of action under federal law by reason of non-compliance with CFR 203.604." Compl. ¶ 17.

Defendant counters that remand to state court is unwarranted because Plaintiff's right to relief under state law requires resolution of a substantial question of federal law.

---

[1] In this case, the Defendant has not alleged diversity of citizenship between the parties. Defendant's Notice of Removal asserted that this Court possesses subject matter jurisdiction over this case pursuant only to 28 U.S.C. § 1331. Defendant has neither affirmatively asserted, nor clearly pleaded, facts that support diversity jurisdiction under 28 U.S.C. § 1332. "[I]n the absence of an affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). This Court therefore need only determine whether Plaintiff's claim falls within the ambit of 28 U.S.C. § 1331.

4

Specifically, Defendant asserts that the complaint alleges a failure to comply with 24 C.F.R. § 203.604, and therefore clearly raises a substantial question of federal law. Furthermore, relying principally on *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983), Defendant contends that even if Plaintiff's cause of action was created by state law, federal jurisdiction exists because Plaintiff's complaint still requires resolution of a substantial question of federal law in dispute between the parties, namely Plaintiff's rights under 24 C.F.R. § 203.604.

Under 28 U.S.C. § 1331, federal question subject matter jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12, 123 S. Ct. 2058 (2003). The first step in determining whether a federal question exists is for a court to "discern whether federal or state law creates the cause of action." *Mulcahey*, 29 F.3d at 151. If the cause of action evolves from federal law, "the courts of the United States unquestionably have federal subject matter jurisdiction." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229 (1986)).

However, if state law creates the cause of action, then federal jurisdiction "depends on whether the plaintiff's demand 'necessarily depends on resolution of a *substantial question of federal law.*'" *Mulcahey*, 29 F.3d at 151 (quoting *Franchise Tax Bd.*, 463 U.S. at 28, 103 S. Ct. 2856) (emphasis added by *Mulcahey*). In this case, Plaintiff seeks declaratory relief prohibiting Defendant from foreclosing on her home for failure to

5

comply with 24 C.F.R. § 203.604. The parties concede that 24 C.F.R. § 203.604 does not create a private cause of action, and the Fourth Circuit agrees. *See, e.g., Perry v. Hous. Auth.*, 664 F.2d 1210 (4th Cir. 1981); *see also Burroughs v. Hills*, 741 F.2d 1525 (7th Cir. 1984); *Shivers v. Landrieu*, 674 F.2d 906 (D.C. Cir. 1981). Plaintiff's complaint seeks to enforce her alleged contractual rights under the Deed of Trust, which she contends is governed solely by state law. *Kestler v. Bd. of Trs. of N.C. Local Gov'tal Emps.' Ret. Sys.*, 48 F.3d 800, 803 (4th Cir. 1995) ("[T]he issue of whether a contract right exists is governed by state law.") Her reasoning appears to be sound.

Since Plaintiff's cause of action flows from state law, federal jurisdiction hinges upon whether Plaintiff's demand requires resolution of a substantial question of federal law. *Mulcahey*, 29 F.3d at 151. Therefore, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363 (2005).

The primary issue in this case appears to be whether the alleged failure of the Defendant to comply with the requirements of 24 C.F.R. § 203.604 constitutes a breach of the contract between Plaintiff and Defendant. Plaintiff seeks no independent relief under 24 C.F.R. § 203.604, only contending that compliance with its provisions is mandated under the contract as a prerequisite to foreclosure. This issue is squarely governed by

interpretation of the contract under state law and does not require resolution of a substantial question of federal law. Although a HUD regulation is an element of the contract, the result will not depend upon an interpretation of the federal regulation, but instead on the terms and conditions of the Deed of Trust. No interpretation of 24 C.F.R. § 203.604 is necessary here; the most that may be required is the application of its provisions, which a state court may properly perform. "A state court is competent to apply federal law, to the extent it is relevant." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701, 126 S. Ct. 2121 (2006).[2]

Defendant has therefore failed to establish federal subject matter jurisdiction. *See Mulcahey*, 29 F.3d at 151. The relief sought in this case is purely a matter of contract interpretation under Virginia law. Finding the absence of federal subject matter jurisdiction under 28 U.S.C. § 1331, the Plaintiff's Motion to Remand is GRANTED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Sept. 8, 2010
Richmond, VA

---

[2] The fact that 24 C.F.R. § 203.604 does not create a private cause of action for Plaintiff is persuasive evidence that the intended balance of state and federal judicial responsibilities created by Congress tips in favor of state courts in this instance. *See Grable*, 545 U.S. at 314.